# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 31, 2013

Lyle W. Cayce
Clerk

No. 12-51152
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE RAFAEL GALICIA-TEPAS,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:12-CR-346-1

Before KING, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Jose Rafael Galicia-Tepas appeals the within-guidelines sentence imposed following his guilty plea conviction for illegal reentry following deportation in violation of 8 U.S.C. § 1326. He argues that his sentence is substantively unreasonable because it is greater than necessary to achieve the sentencing goals of 18 U.S.C. § 3553(a). Specifically, he argues that his sentence fails to account for the fact that he has an untreated alcohol problem,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that his criminal history was not serious, that he has never before been sentenced for an immigration offense, that his immigration offense was a non-violent offense, that his motive for returning to the United States was to look for work, that he has culturally assimilated into the United States, and that he is not eligible for a fast track program. He recognizes that his argument that his within-guidelines sentence is not entitled to a presumption of reasonableness because U.S.S.G. § 2L1.2 is not empirically based is foreclosed by this court's precedent, *see United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009), but he wishes to preserve the issue for Supreme Court review.

Because Galicia-Tepas did not object in the district court to the substantive reasonableness of the sentence, our review is for plain error only. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). Under the plain error standard, Galicia-Tepas must show a clear or obvious forfeited error that affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If Galicia-Tepas makes such a showing, we have discretion to correct the error but should do so only if the error seriously affects the fairness, integrity, or public reputation of the proceedings. *See id.*

As Galicia-Tepas's sentence was within the guidelines range, a presumption of reasonableness applies. *See United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006). The district court considered the § 3553 factors, including Galicia-Tepas's criminal history and his personal history, before imposing the sentence. After considering the totality of the circumstances, *see Gall v. United States*, 552 U.S. 38, 51 (2007), we conclude that Galicia-Tepas has not shown that the district court erred, much less plainly erred, in imposing his sentence. *See Rita v. United States*, 551 U.S. 338, 351 (2007); *Peltier*, 505 F.3d at 391-92; *see also United States v. Gomez-Herrera*, 523 F.3d

554, 565-66 (5th Cir. 2008); *United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006).  The judgment of the district court is AFFIRMED.